UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BECK PAINT AND HARDWARE, INC., | : | Case No. 1:17-cv-307 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| THE TRAVELERS INDEMNITY COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT (Doc. 15) and
DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (Doc. 11)**

### I.    INTRODUCTION

This civil action is before the Court on Plaintiff's motion for leave to file a second amended complaint. (Doc. 15).

On May 31, 2017, Plaintiff filed an Amended Complaint. (Doc. 10). The Amended Complaint alleges that Plaintiff owns property in Cincinnati (the "Insured Premises"); Defendant insures the Insured Premises; the Insured Premises incurred water damage in August, 2016; and Defendant has failed and refused to pay for all of the losses resulting from the water damage. (Doc. 10 at ¶¶ 1-10). The Amended Complaint asserts claims for breach of contract and bad faith. (*Id.* at ¶¶ 12-18).

On June 5, 2017, Defendant filed a motion to dismiss Plaintiff's claim for bad faith. (Doc. 11). Defendant argues Plaintiff's bad faith claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Amended Complaint does not plead a plausible bad faith claim. (*Id.* at 4-7).

On July 3, 2017, Plaintiff filed the instant motion for leave to amend. (Doc. 15). Plaintiff seeks leave for the purpose of attempting to cure the pleading deficiencies alleged in Defendant's motion to dismiss. (*Id.* at ¶ 5). Plaintiff argues Defendant will not be prejudiced by the amendment as this case is still in its early stages. (*Id.* at ¶ 6).

Defendant did not oppose Plaintiff's motion to amend.

## II. STANDARD

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Coe*, 161 F.3d at 341. In the absence of any of the aforementioned reasons, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

## III. ANALYSIS

The Court agrees that justice requires granting leave for the purpose of allowing Plaintiff to attempt to correct the alleged pleading deficiencies in the Amended Complaint. The Supreme Court has explicitly stated that the purpose of pleading is to facilitate a proper decision on the merits. *Foman*, 371 U.S. at 182. Along these lines, the Sixth Circuit has recognized that courts should allow parties the opportunity to attempt to correct deficiencies in their pleadings as opposed to dismissing a claim entirely. *See Martin v. Insight Communs. Co. LP*, No. 2:10-cv-537, 2011 U.S. Dist. LEXIS 32601, at * 26 (S.D. Ohio Mar. 28, 2011) ("The United States Court of Appeals for the Sixth Circuit has indicated generally that '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'")

Here, Defendant has not opposed Plaintiff's motion to amend and nothing in the record suggests granting leave would prejudice Defendant. Under these circumstances, Plaintiff's motion for leave is well-taken. *See Moore*, 790 F.2d at 562 (holding there must be a showing of prejudice to the opponent to justify denial of a motion for leave to amend).

Additionally, the Court finds that because the proposed Second Amended Complaint supersedes the Amended Complaint, Defendant's pending motion to dismiss (Doc. 11) is now moot. *See Yates v. Applied Performance Techs, Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) ("Because amended complaints supersede the original pleading, the

filing of the amended complaint in this case did technically render the pending motion to dismiss moot.").

## IV.　CONCLUSION

For the foregoing reasons:

1. Plaintiff's motion for leave to file a Second Amended Complaint (Doc. 15) is **GRANTED**. Plaintiff shall file the Second Amended Complaint forthwith; and

2. Defendant's motion to dismiss (Doc. 11) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date:　10/3/17

*Timothy S. Black*
Timothy S. Black
United States District Judge

4